Kirk Edward Schenck, Esq. (SB# 173963)
LAW OFFICES OF KIRK EDWARD SCHENCK, PC
15303 Ventura Boulevard, 14th Floor
Los Angeles, California 91403
t: 310-600-3800 e: kirkschenck@gmail.com

Attorneys for Plaintiff:
EYMUN TALASAZAN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYMUN TALASAZAN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>XO TRADEMARKS, LLC, a Delaware Limited Liability Company; ABEL MAKKONEN TESFAYE, professionally known as "THE WEEKND," an Individual; and DOES 1-10, Inclusive,<br><br>Defendant | **CASE NO: 2:18-cv-09611**<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. §1114/LANHAM ACT §43(a)] (Serial Number 87/383,555)**<br><br>**(2) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. §1114/LANHAM ACT §43(a)] (Serial Number 87/649,533)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff EYMUN TALASAZAN, who files this Complaint against Defendants XO TRADEMARKS, LLC, a Delaware Limited Liability Company ("XO"); ABEL MAKKONEN TESFAYE, professionally known as "The Weeknd" (the "Weeknd"), an Individual; and DOES 1-10 (collectively, "Defendants").

## JURISDICTIONAL ALLEGATIONS

1. This Court has subject matter jurisdiction under §39 of the Lanham Act 15 U.S.C. §1121, under 28 U.S.C. §§ 1331 and 1338(a) and (b), and under 15 U.S.C. §1051 et seq., in that the case arises out of §43(a) of the Lanham Act for trademark infringement.

2. Venue is proper, inter alia, under 28 U.S.C. 1391(b) because, on information and belief, a substantial part of the events, acts or omissions giving rise to the claim occurred in this judicial district.

3. Personal jurisdiction exists over Defendants because, on information and belief, Defendants each separately conduct business in California and in this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## THE PARTIES

4. Plaintiff EYMUN TALASAZAN ("Plaintiff") is now, and all times relevant hereto, an individual residing, and conducting business, in the State of California, County of Los Angeles.

5. Plaintiff is informed and believes that Defendant XO TRADEMARKS, LLC ("XO") is, and all all times relevant hereto was, a Delaware Limited Liability Company, conducting business in the County of Los Angeles, State of California.

6. Plaintiff is informed and believes that Defendant ABEL MAKKONEN TESFAYE, pka "The Weeknd" ("The Weeknd"), is an individual whose primary residence is, and who currently conducts business, in the County of Los Angeles, State of California.

7. Plaintiff is ignorant of the true names and capacities of the defendants sued in this Complaint as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe defendants when ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged in this Complaint, and Plaintiff's damages are actually and proximately caused by the conduct of such defendants.

8. Plaintiff further alleges on information and belief that each Defendant including those designated as a DOE is, or in some manner or degree was, responsible for Plaintiff's damages. On information and belief, Plaintiff alleges that each Defendant is responsible in some manner for the acts and/or occurrences alleged herein. Plaintiff also alleges that his damages were proximately caused by the conduct of all, and/or each, of the Defendants. Unless otherwise specified, all defendants in this action shall be collectively referred to as "Defendants."

9. Plaintiff alleges on information and belief that each Defendant in this action, including those fictitiously named, was the agent, servant, employee, partner, joint venturer, or surety of each and all of the other Defendants. Each Defendant, including those fictitiously named, was acting within the scope of this agency, employment, partnership, joint venture, or suretyship and with the knowledge, consent or ratification of each of the other Defendants in taking the acts or omissions alleged herein.

## **GENERAL ALLEGATIONS**

10. For over 10 years, Plaintiff has been in the business of creating and commercializing film, television and social media projects, and developing, creating and publishing comic book characters and concepts.

11. An avid comic book reader and a lifelong so-called "Rap/R&B" music fan, Plaintiff conceived of an original idea to use the vast popularity of Rap/R&B music to launch and promote a new breed of comic book superhero characters centered on the Rap/R&B music industry.

12. To this end, in or about 2014, Plaintiff created an original concept, a format and various character arcs and outlines for a series of comic books and/or film and television projects (Plaintiff's "Original Concepts") featuring various superhero characters each (a) with distinct personality traits and unique powers, *and* (b) related in various manners to real-life musicians and "Rap/R&B" stars (collectively, the "Musicians") and/or elements of their work. Plaintiff set out to build a team of writers and musicians who would work together with graphic artists to bring Plaintiff's creation to life.

13. Commencing in 2014 and continuing to the date this Complaint was filed, Plaintiff painstakingly developed, and began commercially exploiting and marketing to consumers in the business of financing, producing and/or publishing such ventures, a so-called comic book "universe" featuring Plaintiff's Original Concepts outlining how various comic-book character Musicians and other fictitious characters interacted in an urban setting where they were charged with overcoming evil and otherwise challenging each other and a long list of villains for power in order to implement their own personal variant of justice (Plaintiff's "Comic Book Universe").

14. Commencing in 2014, Plaintiff began approaching individual Musicians personally, or by and through their agents or representatives, and pitched each of them a potential creative role in Plaintiff's Comic Book Universe. Plaintiff worked with various established writers and graphic artists in the continued development of his Comic Book Universe, and sought to populate it with real life Musicians, and other fictional characters inspired by the Rap/R&B music industry generally.

15. Commencing in or or about late 2015, Plaintiff began developing his Comic Book Universe with several well known Musicians.

16. In or about early 2016, Plaintiff began further developing Plaintiff's Comic Book Universe with several writers, including Tyger Williams, who had previously written the cult classic film *"Menace II Society."* In or about late 2016, also Plaintiff began collaborating with world-famous comic book creator Stan Lee ("Lee") concerning the story arc structure and characters in Plaintiff's Comic Book Universe.

17. In the process of developing the Universe, Plaintiff concluded some Musicians might not want to use their actual and/or stage names in referencing their own superhero, so Plaintiff occasionally created original fictional characters whose names and attributes related tangentially to some unique element of the Musician's music/lyrics and/or their personal or professional lives.

18. In or about March of 2017, Plaintiff had multiple confidential conversations and in person meetings with Defendant XO, and/or one or more representatives and agents of Defendant XO and The Weeknd including, without limitation, Tony W. Sal ("Sal"). Plaintiff submitted to Defendants his concept for his Rap/R&B-centric Comic Book Universe and proposed that Defendant The Weeknd join other Musicians on Plaintiff's creative team.

19. Plaintiff confidentially proposed to Defendants, by and through their authorized representatives including, without limitation, Sal, that Defendant The Weeknd's character in Plaintiff's Comic Book Universe take the name "Starboy" … a fictional character featured in one of The Weeknd's songs, but which has no relationship to comic books, super powers, super heros, or any other film or television projects. The "Starboy" referenced in The Weeknd song has no connection to any superhero or comic book character.[1]

20. Despite Plaintiff's pitching to Defendants the confidential and proprietary details of his proposed Comic Book Universe and various storylines related to the proposed "Starboy" fictional superhero character, Defendants did not respond to Plaintiff's multiple followup calls.

21. In early 2017, despite receiving no response from Defendants, Plaintiff continued to develop the "Starboy" character without any reference to (a) Defendant Weeknd or (b) the lyrical context of this word in Defendant Weeknd's music, and included it as an integral part in his various third party marketing pitches and development meetings for

---

[1] According to the Urban Dictionary at www.urbandictionary.com: a "Starboy" is defined as: *noun*. (slang) a womanizer, a philanderer, a man who has sex with many women.

comic book, film and television series pitches of his Comic Book Universe. Plaintiff intended to use the "Starboy" character in his Comic Book Universe even if Defendant The Weeknd chose not to work with Plaintiff and his currently assembled team of writers, graphic artists and Musicians, as the character was never based on Defendant The Weeknd himself or the fictional "Starboy" character in The Weeknd's song.

22. On or about March 23, 2017, Plaintiff filed a trademark application for use of the word *"Starboy"* (Serial Number 87/383,555) in International Class 41 for entertainment services namely production and distribution of television programs in the field of drama (the "Class 41 Trademark").

23. On or about October 18, 2017, Plaintiff filed a trademark application for use of the word *"Starboy"* (Serial Number 87/649,533) in International Class 16 for *comic books* (the "Class 16 Trademark"). Unless otherwise specified, Plaintiff's Class 41 and Class 16 Trademarks shall be collectively referred to herein as "Plaintiff's Trademarks."

24. Plaintiff's extensive use of the Trademarks in, and in connection with, his commercial efforts to develop, market, finance and/or sell his own Comic Book Universe and his own comic books, scripts, treatments, formats, superhero character(s) and/or film and television works has created and built up significant good will in the film, television and comic book production industries, and in the general stream of commerce for comic book-related intellectual property.

25. Upon information and belief, Plaintiff alleges that at no point in time has any Defendant, or any other person or entity associated with them, ever filed a trademark application to use the word "Starboy" in the stream of commerce in *any* trademark category.

26. In or about June of 2018, Defendants published, and/or authorized, encouraged, and/or enabled, various third parties to publish, a comic book series entitled "Starboy" ("Defendants' Starboy Comic Book") featuring the near identical premise Plaintiff had pitched to Defendants the prior year. Since June of 2018, Defendants and their affiliated parties (a) have sold and continue to sell their Starboy Comic Book and

related intellectual property and merchandising, *and* (b) are otherwise using the word and Plaintiff's trade name "Starboy" in the stream of commerce to identify, sell, market, publicize and/or commercially exploit their Starboy Comic Book. In doing so, as alleged herein, Defendants infringed on Plaintiff's Trademarks and at trial after discovery Plaintiff expects to prove this damages sustained by virtue of Defendants' various acts or omissions related to such infringement.

27. Upon information and belief, Plaintiff alleges that Defendants have been using, and continue to use, *both* of Plaintiff's Trademarks in connection with the sale, marketing and commercial exploitation of (a) Defendant's comic books, and (b) film and television content and intellectual property derivative of and related to Defendant's comic books.

28. Plaintiff has suffered, and continues to suffer, financial injury and damage as a result of the acts alleged herein including, without limitation, the use of the word "Starboy" in, and in connection with, Defendants' marketing, advertising, and general identification of Defendants' Starboy Comic Book and other derivative commercial endeavors.

29. Upon information and belief, Plaintiff alleges that Defendants' use of Plaintiff's Trademarks in, and in connection with, Defendants' Starboy Comic Book and related commercial items was willful: it having been adopted with knowledge of Plaintiff's prior rights in, and to, the Trademarks, and with the specific intent to trade on, and benefit from, the goodwill established by Plaintiff in his pre-existing registered Trademarks.

30. Since in or about June of 2018, Defendants have used in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods or services on, or in connection with which, such use is likely to cause confusion, or to cause mistake, or to deceive.

# FIRST CAUSE OF ACTION

## Federal Trademark Infringement Against Defendants

## Relating To Plaintiff's Class 16 Trademark

## 15 U.S.C. 1114/Lanham Act §43(a)

31. Plaintiff re-alleges and incorporates all prior paragraphs in this Complaint as though fully set forth herein.

32. As alleged herein, Plaintiff has been, and is currently, utilizing his "Starboy" Class 16 Trademark in the stream of commerce in connection with the sale, advertising, marketing, and the seeking of publishers and financing for comic books. Defendants are actually aware that Plaintiff had applied for the "Starboy" Class 16 Trademark. Further, Plaintiff's registration of the Class 16 Trademark on the Principal Register gave constructive notice to Defendants of Plaintiff's ownership rights in and to the Class 16 Trademark.

33. Defendants did not at any time seek or obtain written, verbal or implied consent or authorization from Plaintiff as the registered owner of the Class 16 Trademark to commercially distribute and market a comic book bearing Plaintiff's Class 16 Trademark into the stream of commerce.

34. As alleged herein, Defendants intentionally and knowingly used in the stream of commerce Plaintiff's Class 16 Trademark in connection with the sale, offering for sale, distribution, marketing, promotion, publicity, and/or advertising of Defendants' Starboy Comic Book and related intellectual property.

35. Defendants' egregious and intentional use, and sale, of their own Starboy Comic Book bearing Plaintiff's Class 16 Trademark is likely to cause confusion, mistake, or deception as to the origin of Defendants' comic book and its affiliation with Plaintiff's own _original_ version of the Starboy superhero character and related comic book intellectual property.

36. Defendants' continued and knowing use of Plaintiff's Class 16 Trademark in the stream of commerce in the United States and internationally without Plaintiff's consent or

authorization constitutes an intentional infringement of Plaintiff's federally registered Class 16 Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114. Plaintiff has suffered, and continues to suffer, monetary and other damages as a result, subject to proof at trial.

## SECOND CAUSE OF ACTION
### Federal Trademark Infringement Against Defendants
### Relating To Plaintiff's Class 41 Trademark
### 15 U.S.C. 1114/Lanham Act §43(a)

37. Plaintiff re-alleges and incorporates all prior paragraphs in this Complaint as though fully set forth herein.

38. As alleged herein, Plaintiff has been, and is currently, utilizing his "Starboy" Class 16 Trademark in the stream of commerce in connection with the sale, advertising, marketing, and the seeking of financing for various film and television projects utilizing his "Starboy" Class 16 Trademark. Defendants are actually aware that Plaintiff had applied for the "Starboy" Class 41 Trademark. Further, Plaintiff's registration of the Class 41 Trademark on the Principal Register gave constructive notice to Defendants of Plaintiff's ownership rights in and to the Class 41 Trademark.

39. Defendants did not at any time seek or obtain written, verbal or implied consent or authorization from Plaintiff as the registered owner of the Class 41 Trademark to commercially distribute and market a comic book bearing Plaintiff's Class 41 Trademark into the stream of commerce.

40. As alleged herein, Defendants intentionally and knowingly used in the stream of commerce Plaintiff's Class 41 Trademark in connection with the sale, offering for sale, distribution, marketing, promotion, publicity, and/or advertising of Defendants' Starboy Comic Book and related intellectual property as a television and/or film derivative project based on the underlying intellectual property contained in Defendants' Starboy Comic Book.

41. Defendants' egregious and intentional use, and sale, of their own Starboy Comic Book and derivative film and television intellectual property bearing Plaintiff's Class 41 Trademark is likely to cause confusion, mistake, or deception as to the origin of Defendants' derivative film and television projects and its affiliation with Plaintiff's own <u>original</u> version of the Starboy superhero character and related comic book and film and television-based intellectual property.

42. Defendants' continued and knowing use of Plaintiff's Class 41 Trademark in the stream of commerce in the United States and internationally without Plaintiff's consent or authorization constitutes an intentional infringement of Plaintiff's federally registered Class 41 Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114. Plaintiff has suffered, and continues to suffer, monetary and other damages as a result, subject to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

1. Defendants, and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

    a. advertising, marketing, promoting, offering for sale, distributing, or selling Defendants' Starboy Comic Book and any derivative commercial goods or services based thereon;

    b. using the Trademarks on or in connection with any of Defendants' or any other entity's goods or services;

    c. using the Trademarks or any other copy, reproduction, colorable imitation, or simulation of the Trademarks on, or in connection with, Defendants' goods; *and*

    d. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction,

colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's various trademarks, trade dresses, names, or logos.

2. Defendants be ordered to recall all of Defendants' Starboy Comic Books, or any other goods bearing Plaintiff's Trademarks, or any other confusingly similar imitation of Plaintiff's Trademark that are in Defendants' possession or have been shipped by Defendants or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

3. Defendants be ordered to deliver up for impoundment and for destruction, all comic books, bags, boxes, labels, tags, signs, packages, receptacles, advertising, marketing materials, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of Defendants that are found to adopt, infringe, or dilute, or infringe on, any of Plaintiff's trademarks;

4. Defendants be ordered to account to Plaintiff for any and all profits derived by Defendants from the sale or distribution of their Star Boy Comic Book using Plaintiff's Class 16 Trademark;

5. Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

6. Based on Defendants' knowing and intentional use of an identical imitation or copy of Plaintiff's Class 16 Trademark, Defendants be ordered to pay treble damages based on the award of Defendants' profits pursuant to 15 U.S.C. § 1117(a);

7. Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a);

8. Based on Defendants' willful and deliberate infringement and/or dilution of Plaintiff's Class 16 Trademark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

9. Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; *and*

10. Plaintiff be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

Dated: November 13, 2018        LAW OFFICES OF KIRK EDWARD SCHENCK, PC

By: _____
Kirk Edward Schenck
Attorney for Plaintiff Eymun Talasazan